**NOT FOR PUBLICATION**

| | |
|---|---|
| JASSAN B. STOECKEL, Assignor; and JOHN K. SKIDMORE and HELEN M. SKIDMORE, Assignees<br><br>          Plaintiff,<br>v.<br><br>NATIONAL CONTINENTAL INSURANCE COMPANY, CHERYL CAMPIS, ABC CORPORATIONS 1-4, true names unknown, JOHN DOES 1-4, true names unknown<br><br>          Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br><br>Civil Action No. 11-cv-3970 (CCC)<br><br>**REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.:

    This matter was referred to this Court for a Report and Recommendation on the motion to remand by Jassan Stoeckel, Assignee, John Skidmore and Helen Skidmore, Assignees (collectively, "Plaintiffs"). Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, the recommendation of this Court is set forth for the reasons herein expressed separately below.

**I.    Background**[1]

    On November 26, 2006, John Skidmore ("Skidmore") was pushing a shopping cart in the parking lot of a Wal-Mart in Newton, New Jersey. At the same time, Jassan Stoeckel ("Stoeckel") was looking for a parking spot for his truck. Observing an open parking spot, Stoeckel gunned his car toward the spot and in the process struck Skidmore, seriously and permanently injuring him. As a result of Skidmore's injuries, his wife Helen Skidmore (collectively, "the Skidmores") was also injured.

---
[1] These facts are taken from the parties' respective submissions.

1

At the time of the accident, Stoeckel had an insurance policy ("the policy") with National Continental Insurance Company ("NCIC"). The policy provided, in part, that NCIC would pay on Stoeckel's behalf all sums that Stoeckel became legally obligated to pay as damages arising out of the operation of his vehicle.

On December 3, 2007, the Skidmores filed an action against Stoeckel for damages arising out of the accident. NCIC accepted Stoeckel's defense in the underlying action, and assigned his representation. On September 17, 2009, the Skidmores offered to settle their claims against Stoeckel within the limits of the policy. NCIC rejected the Skidmores' offer to settle. After the settlement offer was rejected, the action proceeded to trial. On January 19, 2011, a jury returned a verdict in favor of the Skidmores in the amount of $650,000.

Following trial, NCIC refused to pay the total verdict amount, and a judgment of $766,143.21 (factoring in pre-judgment interest of $94,215.75 and a workers' compensation lien of $21,927.46) was entered against Stoeckel on January 31, 2011. After judgment was entered against him, Stoeckel assigned his rights to the Skidmores (collectively "Plaintiffs") to proceed against NCIC. NCIC then paid the Skidmores $504,760.75, representing the limits of the policy plus post-judgment interest.

On June 17, 2011, Plaintiffs filed a Complaint in New Jersey Superior Court, Sussex County, against NCIC asserting Stoeckel's rights and arguing that, by declining to settle the personal injury lawsuit within the limits of the policy, NCIC acted in bad faith and thus should be liable for the amount of the verdict in excess of the policy limits chosen by its insured. The Complaint also named as John Doe Defendants the "agents, managers, or other employees of NCIC personally involved with the decision to reject" the policy-limit settlement offer. On July

11, 2011, NCIC removed the case to this Court pursuant to 28 U.S.C. § 1441. NCIC claimed this Court had subject matter jurisdiction based on diversity, 28 U.S.C. § 1332.

On July 27, 2011, Plaintiffs filed an Amended Complaint. In the Amended Complaint, Plaintiffs identified one of the fictitious defendants as Cheryl Campis ("Campis"). Campis, a resident of New Jersey, is allegedly an agent of NCIC who was personally involved in the decision not to settle the underlying action. Additionally, Campis allegedly watched every day of trial, but did not offer to settle the Skidmores' case. The Amended Complaint asserts a claim of negligence against NCIC (Count 1), a claim of negligence against Campis and other John Doe defendants (Count 2), and a claim of bad faith against NCIC (Count 3).

On August 2, 2011, Plaintiffs filed the instant motion to remand. Plaintiffs argue that this Court lacks subject matter jurisdiction, and the case must be remanded to the Superior Court of New Jersey on two grounds. First, Plaintiffs argue there is not complete diversity because Plaintiffs and Defendant Campis are all citizens of New Jersey. Second, Plaintiffs argue that removal was improper as there was never diversity between the parties since this is a "direct action" against an insurance company, and therefore the citizenship of NCIC must be the same as its insured (i.e. Stoeckel), which is New Jersey.

## II. Standard of Review

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Under Section 1441, an action may be removed from state court only when the federal court

would have had original jurisdiction over the matter." Agyabeng v. Kmart Corp., No. 09-cv-730, 2009 WL 2151904, at *1 (D.N.J. July 14, 2009).

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Valerio v. Mustabasic, No. 07-cv-534, 2007 WL 2769636, at *2 (D.N.J. Sept. 21, 2007) (citing Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 341 (D.N.J. 2001)); see also Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2003) ("28 U.S.C. § 1441 is to be strictly construed against removal."). "The removing party bears the burden of demonstrating the appropriateness of removal." Valerio, 2007 WL 2769636, at *3; see also Samuel-Bassett, 357 F.3d at 396 ("The party asserting jurisdiction bears the burden of showing that *at all stages of the litigation* the case is properly before the federal court.") (emphasis added). "If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

NCIC removed this action on the basis of diversity jurisdiction, which is governed by 28 U.S.C. § 1332. Section 1332 provides, in relevant part, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." 212 Marin Boulevard, LLC v. Chicago Title Ins. Co., No. 09-cv-6366, 2010 WL 3169280, at *2 (D.N.J. July 8, 2010).

"For removal to be proper, both jurisdictional requirements set forth in Section 1332 must be satisfied or the Court *must* order remand pursuant to Section 1447(c)." Valerio, 2007 WL 2769636 at *2 (emphasis added).

### III.     Discussion

As noted above, Plaintiffs argue this Court lacks subject matter jurisdiction for two reasons. First, Plaintiffs argue that Campis defeats diversity as both Plaintiffs and Campis are citizens of New Jersey. Second, Plaintiffs argue that removal was improper because this is a direct action against an insurance company, and therefore the citizenship of NCIC must be the same of its insured, which is New Jersey. The Court will address each argument in turn.

Plaintiffs are citizens of New Jersey, and there is no dispute that Campis is also a citizen of New Jersey. Absent complete diversity this Court lacks jurisdiction, and the matter must be remanded to state court. However, NCIC argues that Campis was fraudulently joined as a Defendant solely for the purpose of defeating diversity.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." Id.; see also Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992) ("When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question[,] the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined."). However, "[b]ecause a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff

has fraudulently joined a party to destroy diversity of jurisdiction has a *heavy burden of persuasion*." Agyabeng, 2009 WL 2151904, at *2 (internal citations omitted) (emphasis added); see also Batoff, 977 F.2d at 851 (stating that a removing party carries a *heavy burden of persuasion* in showing a non-diverse defendant was fraudulently joined) (emphasis added).

"[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Briscoe, 448 F.3d at 216 (internal citations omitted). "A claim is considered 'colorable' as long as it is not 'wholly insubstantial and frivolous.'" McCarthy v. Hamilton Farm Golf Club, LLC, No. 11-1565, 2011 WL 1775728, at *2 (D.N.J. May 9, 2011) (citing Batoff, 977 F.2d at 851); see also Agyabeng, 2009 WL 2151904, at *2 (stating that to show joinder was fraudulent, "the moving party must prove that the claims against the non-diverse defendants are 'wholly insubstantial and frivolous.'"). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Batoff, 977 F.2d at 851 (internal citations omitted). However, this Court must not conflate the jurisdictional determination with a decision on the merits of any claims or defenses; "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." Id. at 852.

NCIC makes several arguments as to why Campis was fraudulently joined. None of these arguments are persuasive. First, based on correspondence from Campis to Plaintiffs' counsel indicating her receipt of their letter alleging NCIC was acting in bad faith for failing to settle, NCIC argues that Plaintiffs knew of Campis' identity in 2009. Therefore, according

NCIC, Plaintiffs' post-removal amendment demonstrates that Plaintiffs' sole purpose in naming Campis was to defeat diversity.  However, the fact that Campis was not named as a defendant until Plaintiffs filed an Amended Complaint "is of little import unless the claims against [Campis] are wholly insubstantial." Pinnacle Choice, Inc. v. Silverstein, No. 07-58-57, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008).

In the same vein, NCIC argues that it is clear Plaintiffs' have no good faith intention of prosecuting the action against Campis as Plaintiffs' have not yet caused a summons to be issued or taken steps to serve Campis.  This Court cannot find that Plaintiffs do not have a good faith intention of prosecuting the action against Campis for failure to serve when Plaintiffs are still within the 120 day time period provided by Federal Rule of Civil Procedure 4(m), and Plaintiffs indicated they intend to serve Campis upon resolution of the instant motion.

Finally, NCIC argues that there is no colorable ground upon which Plaintiffs' claim against Campis can be maintained.   NCIC relies on a recent New Jersey Supreme Court case finding that a "claim that an insurer in bad faith failed to settle a claim within the policy limits, thereby in fact exposing its insured to liability for any excess, represents a traditional contract claim that the insurer breached the implied covenant of good faith and fair dealing." Wood v. New Jersey Manufacturers Insurance Co., 206 N.J. 562, 565 (2011). NCIC argues that since Campis is not a party to the insurance contract at issue, there is no basis upon which she can be held liable for an alleged breach of that contract.  This argument misses the point.  Although the gravamen of this cause of action may be the bad faith claim, it is not the only basis for liability asserted by Plaintiffs.  In fact, Plaintiffs have not asserted a claim of bad faith against Campis— they have asserted a claim for negligence. Under New Jersey law, a cause of action for negligence requires: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by

defendant; and (3) an injury to plaintiff proximately caused by defendant's breach. Hutchinson v. Dela Sav. Bank FSB, 410 F.Supp.2d 374, 386 n. 21 (D.N.J. 2006). Plaintiffs have alleged that Campis owed a duty to Stoeckel as his insurance adjuster, she breached that duty, and as a result Stoeckel was injured. The allegations as to Campis' negligence do not revolve solely around the rejection of the settlement offer—they also relate to Campis' representation as Stoeckel's insurance adjuster throughout the underlying action.[2] NCIC has not provided this Court with any authority indicating this claim of negligence cannot lie against Campis.

This Court is not persuaded that Campis was fraudulently joined, and finds the allegations in the Amended Complaint are sufficient to preclude NCIC from meeting its heavy burden. First, the Court notes that the original Complaint named as John Doe defendants "agents, managers, or other employees of NCIC personally involved in the decision to reject" the settlement offer; in the Amended Complaint, Plaintiffs identified Campis as one of these agents and made specific allegations as to her negligence. Based on the allegations in the Amended Complaint, Campis is not a gratuitous party—her alleged personal involvement in the underlying matter is directly tied to Plaintiffs' claims. While this Court makes no determination on the

---

[2] The allegations in Count 2 of the Amended Complaint as to Campis are as follows: "(a) Defendants CHERYL CAMPIS and other John Doe Defendants (true names being unknown, but who will be named as discovery reveals their identities) failed to exercise due care to investigate the case against Plaintiff JASSAN B. STOECKEL and to determine the likely outcome of Plaintiffs JOHN K. SKIDMORE'S and HELEN M. SKIDMORE'S action and the fair settlement value of their claim; (b) Defendants CHERYL CAMPIS and other John Doe Defendants (true names being unknown, but who will be named as discovery reveals their identities) negligently failed to advise Plaintiff JASSAN B. STOECKEL that he should retain his own attorneys and representatives in the event JOHN K. SKIDMORE'S and HELEN M. SKIDMORE'S action resulted in a verdict in excess of NCIC'S liability; (c) Defendants CHERYL CAMPIS and other John Doe Defendants (true names being unknown, but who will be named as discovery reveals their identities) negligently failed to exercise due care to inform Plaintiff JASSAN B. STOECKEL of the case against him or of Plaintiffs JOHN K. SKIDMORE'S and HELEN M. SKIDMORE'S policy-limit settlement offer. By failing to keep Plaintiff JASSAN B. STOECKEL informed, defendant NCIC deprived Plaintiff JASSAN B. STOECKEL of the opportunity to contribute to a settlement with Plaintiffs JOHN K. SKIDMORE and HELEN M. SKIDMORE or to take other steps to protect his interests; (d) Defendants CHERYL CAMPIS and other John Doe Defendants (true names being unknown, but who will be named as discovery reveals their identities) failed to exercise due care to accept Plaintiffs JOHN K. SKIDMORE'S and HELEN M. SKIDMORE'S policy-limit settlement offer despite Plaintiff JASSAN B. STOECKEL'S clear liability and Plaintiffs JOHN K. SKIDMORE'S and HELEN M. SKIDMORE'S damages, which greatly exceeded defendant NCIC'S policy limits." Amended Complaint, ¶ 26.

merits of these claims, or any defenses Campis may raise, this Court is unable to find that Plaintiffs' claims are 'wholly insubstantial or frivolous.' Neither party has cited to the Court a case that allows the cause of action for negligence to go forward. It may well be a case of first impression, but for purposes of removal, it is not within this Court's purview to determine whether or not such a cause of action will succeed. This Court must only determine that the cause of action is colorable. This Court so finds.

In sum, this Court does not find that Campis was fraudulently joined and therefore this case must be remanded to state court due to the lack of complete diversity. Accordingly, this Court need not address Plaintiffs' second argument in support of remand, namely that the case was improperly removed because this is a direct action against an insurance company and NCIC's citizenship is deemed to be that of New Jersey.

### IV.   Conclusion

For the foregoing reasons, the Court respectfully recommends that the District Court grant Plaintiffs' motion for remand.

_____
JOSEPH A. DICKSON, U.S.M.J.


cc:     Hon. Claire Cecchi, U.S.D.J.