NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASSAN B. STOECKEL, Assignor and JOHN K. SKIDMORE and HELEN M. SKIDMORE, Assignees<br><br>Plaintiffs,<br>v.<br><br>NATIONAL CONTINENTAL INSURANCE COMPANY, et al.<br><br>Defendants. | Civil Action No. 11-3970 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on Defendant National Continental Insurance Company's objections to Magistrate Judge Joseph A. Dickson's Report and Recommendation regarding Plaintiffs' motion to remand. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Dickson's November 17, 2011 Report and Recommendation, and grants Plaintiffs' motion to remand.

**I.   Factual and Procedural History**

A detailed factual background of this case is set forth in Magistrate Judge Dickson's November 17, 2011 Report and Recommendation, and will not be repeated here, except where necessary to provide context for this Court's review of the same.

Plaintiffs commenced the instant action in Superior Court of New Jersey, Sussex County, against National Continental Insurance Company ("NCIC"). Plaintiffs claim that NCIC acted in bad faith by declining to settle an underlying personal injury claim for an amount within the

1

range of coverage under an insurance policy, and that it should therefore be liable for the amount of the judgment rendered in excess of the liability limits. On July 11, 2011, NCIC removed the case to this Court. On July 27, 2011, Plaintiffs filed an Amended Complaint, asserting claims of negligence and bad faith against NCIC and other John Doe Defendants. Plaintiffs also joined Cheryl Campis, an employee for NCIC, as a Defendant, and asserted a claim of negligence against her. On August 2, 2011, Plaintiffs moved to remand this action to the Superior Court of New Jersey. Plaintiffs argue that this Court lacks subject matter jurisdiction. First, they assert that complete diversity does not exist because Plaintiffs and Defendant Campis are all citizens of New Jersey. (Pl. Br. 4.) Second, Plaintiffs argue that diversity never existed between the parties because this is a "direct action" against an insurance company, NCIC, and therefore, its citizenship is the same as its insured, which in this case, is New Jersey. (Pl. Br. 5.) In Opposition to Plaintiffs' motion, Defendants argue that Campis was fraudulently joined solely for the purpose of defeating diversity. (Def. Opp'n. 8.)

By way of Report and Recommendation dated November 17, 2011, Magistrate Judge Dickson recommended that this Court grant Plaintiffs' motion to remand. Specifically, Judge Dickson found that Campis was not joined fraudulently, stating that "Campis is not a gratuitous party- her alleged personal involvement in the underlying matter is directly tied to Plaintiffs' claims." (Rep. & Rec. at 8.) Furthermore, Judge Dickson concluded that Plaintiffs' claims against Campis were not "wholly insubstantial or frivolous." (Rep. & Rec. at 9.) Defendant NCIC now objects to the Report and Recommendation, arguing that Ms. Campis was fraudulently joined. Specifically, NCIC claims that Campis was not personally involved in any of the events at issue, (Defendant's Objection at 6), and that when an insurance carrier fails to settle any underlying claims, the cause of action is one for breach of contract, not negligence,

(Def. Obj. at 5). As such, Defendant argues that because Ms. Campis was not a party to the underlying contract, the claims against her are "not 'colorable' and should be rejected." (Def. Obj. at 8.)

## II. Legal Standards

### a. Review of a Report and Recommendation

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. V. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Motions to remand to state court are dispositive motions. *In re United States Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

### b. Removal

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing

the action does so within thirty days after receipt of the initial pleading. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987). Where, as here, the removing party asserts subject matter jurisdiction on the basis of diversity, there must be complete diversity among the parties in that every plaintiff must be diverse from every defendant. 28 U.S. § 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden is on the removing party to show the case belongs in federal court. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes should be "strictly construed against removal and all doubts . . . resolved in favor of remand." *Boyer,* 913 F.2d at 111 (internal quotation omitted).

### c. Fraudulent Joinder

In the Third Circuit, "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe,* 448 F.3d 201, 215–16 (3d Cir. 2006). Federal courts are required to dismiss or remand suits in which any party has been improperly or collusively joined solely to invoke federal diversity jurisdiction. *See* 28 U.S.C. § 1359; *Boyer,* 913 F.2d at 110. Thus, if a non-diverse party was fraudulently joined, the court "can disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *In re Briscoe,* 448 F.3d at 215-16. Where a court finds that a non-diverse party was not fraudulently joined, however, the court lacks subject matter jurisdiction and must remand the case to state court. 28 U.S.C. § 1447.

"[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground

4

supporting the claim against the joined defendant." *In re Briscoe,* 448 F.3d at 216. "A claim is considered "colorable" as long as it is not wholly insubstantial and frivolous." *McCarthy v. Hamilton Farm Golf club, LLC*, No. 11-1565, 2011 WL 1775728, at *2 (D.N.J. May 9, 2011) (internal quotation omitted). A court's finding that a party was not fraudulently joined does not preclude ultimate dismissal for failure to state a claim upon which relief may be granted. *Batoff,* 977 F.2d at 852; *see In re Briscoe,* 448 F.3d 201 (3d Cir. 2006). In order for Defendants to meet their heavy burden, "they must show that there is no possibility that New Jersey law would recognize any of the claims asserted against" Ms. Campis. *Route 27, LLC v. Getty Petroleum Marketing, Inc.,* Civ No. 10–3080, 2011 WL 1256618, at *4 (D.N.J. 2011).

### III.  Analysis

NCIC argues that Plaintiffs' motion to remand should be denied because Ms. Campis, a New Jersey state resident, was fraudulently joined for the sole purpose of defeating diversity and that the claims against Campis are not "colorable." (Def. Obj. at 3, 6.) NCIC first claims that the Report and Recommendation misinterprets the holding in *Wood v. New Jersey Manufacturers Insurance Co.,* 206 N.J. 562 (2011), a case which dealt with the alleged "bad faith" action of an insurance carrier that lead to the entry of a judgment against the insured in an amount in excess of the liability policy limits. (Def. Obj. at 4.) NCIC argues that *Wood* "left no doubt that such an action does not sound in tort liability." (Def. Obj. at 4.) Furthermore, NCIC asserts that "*Wood* says that if a carrier is to be held liable for failure to settle a claim against a policyholder within the available liability policy limits, any such liability must rely on a breach of contract theory." (Def. Obj. at 5) (emphasis removed).

The Court disagrees with NCIC's interpretation of *Wood.* The holding in *Wood* does not close the door to all other causes of action that may arise under this scenario. In *Wood*, the court

found that a bad faith claim against an insurer "represents a traditional contract claim that the insurer breached the implied covenant of good faith and fair dealing." *Wood*, 206 N.J. at 565. More specifically, the court determined that a bad faith claim against an insurer is a contract claim, "to which the right to trial by jury attaches." *Id.* In the present case, Plaintiffs have not only asserted a claim of bad faith against NCIC, they have also asserted claims of negligence against Campis, other John Doe defendants, and NCIC. As stated by Judge Dickson, "[a]lthough the gravamen of this cause of action may be the bad faith claim, it is not the only basis for liability asserted by Plaintiffs." (Rep. & Rec. at 7.) Under *Wood*, bad faith claims, such as those asserted here, sound in contract law. However, that does not preclude other claims, such as negligence claims, from going forward. Therefore, on this point, the Court agrees with Judge Dickson that holding in *Wood* does not bar Plaintiffs from asserting other claims.

NCIC further claims that because Ms. Campis was an employee of NCIC at all times, she was "acting under its direction" and was not personally involved in any of the events. (Def. Obj. at 6.) As such, NCIC asserts that under the doctrine of *respondeat superior*, the negligence claims against her should be rejected. (Def. Obj. at 6-7.) On this point, the Court again agrees with Judge Dickson. As explained in the Report and Recommendation, Plaintiffs claim that Ms. Campis, as the insurance adjuster, owed a duty of care to the Plaintiffs, that she breached such duty, and that as a result of her breach, Plaintiffs were injured. (Rep. & Rec. at 8.) The Plaintiffs' allegations do not solely relate to NCIC's rejection of the settlement offer. (Rep. & Rec. at 8, n.2.) Whether or not Plaintiff's claims have merit is not for the Court to decide at this time. In fact, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted."

6

*Batoff*, 977 F.2d at 851. Therefore, the Court agrees with Judge Dickson that the Plaintiffs' negligence claim against Campis is not "wholly insubstantial or frivolous."

### IV. Conclusion

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation and the parties' submissions, this Court hereby adopts Magistrate Judge Dickson's Report and Recommendation dated November 17, 2011, including the findings of fact and conclusions of law, and thus grants Plaintiffs' motion to remand.

An appropriate Order accompanies this Opinion.

Dated: January 4, 2012

_____
HON. CLAIRE C. CECCHI
United States District Judge